## In re RICE et al.

(District Court, E. D. Pennsylvania.   October 14, 1908.)

No. 3,000.

In Bankruptcy.   On certificates of referee concerning claims of Robert N. Weaver.

Robert S. Siegel, for claimant.

J. Howard Reber and Maxwell H. Kratz, for objecting creditors.

J. B. McPHERSON, District Judge.   These certificates present for review two orders disallowing and expunging claims of Robert N. Weaver against the firm's bankrupt estate of $1,001.50 and $3,400, respectively.   The claimant was also a member of the bankrupt firm, and his claims stand upon the same footing as the claim of Joseph A. Rice, which has been considered and disposed of in an opinion filed herewith.   164 Fed. 509.

For the reasons there given, it is ordered, with reference to the two claims now before the court, that if it be desired to have these claims, or either of them, formally allowed, but with the qualification there stated, and if a motion to that effect be filed within five days, the proper orders will be made.   In default of such motion, the clerk is directed to make an entry affirming the orders of the referee.

―――――

## In re RICE et al.

(District Court, E. D. Pennsylvania.   October 15, 1908.)

No. 3,000.

BANKRUPTCY (§ 164*)—PROVABLE CLAIMS—SURRENDER OF PREFERENCE.

    Payments made to a creditor by a partnership within a few days prior to its bankruptcy *held*, under the evidence, to constitute voidable preferences, which the creditor was required to repay before proving a claim against the estate.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. § 164.*]

In Bankruptcy.   On certificate of referee concerning claim of E. O. Dech.

William E. Doster and Ralph B. Evans, for claimant.

J. Howard Reber and Maxwell H. Kratz, for objecting creditors.

J. B. McPHERSON, District Judge.   This controversy is over an order of the referee directing that no dividend out of the assets of the Lerch & Rice Company should be paid upon the claim of E. O. Dech unless he should repay to the trustee, within 10 days, the sum of $830.09, being the aggregate of six preferential payments made to him by the bankrupt firm within a few days before the petition was filed. The dispute is wholly of fact, and, without discussing the evidence in detail, I shall only say that I have read with attention the notes of testimony accompanying the report of the referee and that I agree with his findings, namely:

"(1) That the Lerch & Rice Company, bankrupt, was insolvent for a period at least antedating December 30, 1907.

"(2) That Mr. Lerch and Mr. Rice, members of the firm, knew on December 30, 1907, and on January 2, 1908, that the firm of the Lerch & Rice Company was insolvent.

"(3) That the payments made to Ezra O. Dech on December 30, 1907, and January 2, 1908, were made with the intent to give Mr. Dech a preference over other creditors of the same class.

"(4) That Mr. Dech, the claimant, had reasonable cause to believe that the firm of the Lerch & Rice Company was insolvent on and after December 30, 1907, and that, by receiving said payments, he was receiving a preference."

It follows that the order of the referee was correct, and it is now affirmed, with the modification that the claimant be allowed the further period of five days from the date of filing this opinion within which to make repayment in cash of the sum of $830.09 to the trustee of the bankrupt firm.

---

## In re CALDWELL.

### (District Court, E. D. Arkansas, W. D. October 17, 1908.)

#### No. 956.

BANKRUPTCY (§ 348*)—DEBTS ENTITLED TO PRIORITY—WAGES OF "SERVANT."

Musicians, employed at regular wages to play in a theater or other place, are "servants," within the meaning of Bankr. Act July 1, 1898, c. 541, § 64b (4) 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), and entitled to priority of payment from the estate of the employer in bankruptcy for their wages earned within three months.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 348.*

For other definitions, see Words and Phrases, vol. 7, pp. 6422–6429; vol. 8, p. 7798.]

In Bankruptcy.

Downie, Rouse & Streepey, for petitioners.

J. A. Comer, for trustee.

TRIEBER, District Judge. The only question involved in this proceeding is whether the petitioners, to whom wages are due for services rendered within three months of the institution of the bankruptcy proceedings as musicians, hired by the bankrupt to play on his roof garden, are entitled to priority under section 64, cl. 4b, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]). To decide this question requires the determination of the meaning of the word "servant" in that section, for it is conceded that the petitioners are neither workmen, clerks, nor salesmen.

While lexicographers define the word differently, the Century Dictionary defining it as "one who exerts himself or labors for the benefit of a party or employer; an attendant; a subordinate assistant"—the courts have not considered themselves bound by the definitions found in dictionaries, but have construed the word so as to carry into effect the intent of the lawmakers. In Cawood v. Wolfley, 56 Kan. 281, 43 Pac. 236, 31 L. R. A. 538, 54 Am. St. Rep. 590, the court was called upon to construe the words "wages of servants," in a statute regulat-